UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5462-SVW-JCGx | Date | October 8, 2013 |
|---|---|---|---|
| Title | E & S Ring Management Corporation v. Estela Pruce et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER Remanding Case to State Court

**I.     INTRODUCTION**

On April 26, 2013, E & S Management Corporation ("Plaintiff") filed an unlawful detainer action against pro se defendant Estela Pruce ("Defendant") in the Superior Court of Los Angeles. (Dkt. 1, Not. Removal, Ex. B (Plaintiff's Compl.)). On July 29, 2013, Defendant removed the case to this United States District Court. (Not. Removal). Because we find that Defendants have not established federal subject matter jurisdiction, the case is REMANDED to state court for further proceedings.

**II.    LEGAL STANDARD**

Removal jurisdiction is governed by 28 U.S.C. § 1441. A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).Where a case has been removed, a federal court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5462-SVW-JCGx | Date | October 8, 2013 |
|---|---|---|---|
| Title | E & S Ring Management Corporation v. Estela Pruce et al. | | |

JS - 6

### III.   DISCUSSION

Defendant alleges that this Court has jurisdiction under 28 U.S.C. § 1443(1).[1] (Not.Removal, at 3). Defendant also cites to 28 U.S.C. §§ 1441 and 1446 in support of her removal. (Id. at 1). Because 28 U.S.C. § 1441 provides that an action brought in state court may be removed if the district courts have "original jurisdiction," we also analyze whether the removal is supported by diversity jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. § 1331.

####   A.   Civil Rights Removal

28 U.S.C. § 1443 "gives a right of removal to certain petitioners who claim federally secured rights as a defense to a state prosecution." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1971). However, "the Supreme Court has given § 1443 a restrictive interpretation." Id. ("In two related cases in 1966, Georgia v. Rachel, 384 U.S. 780 and Greenwood v. Peacock, 384 U.S. 808, the [Supreme] Court set out the narrow parameters . . . ."). To establish Removal under § 1443(1), Defendant must satisfy a two-part test: (1) Defendant "must assert, as a defense to the prosecution, rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights;" and (2) Defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Ward v. Hernandez, No. 5:13-00383 JGB (SPx), 2013 WL 3934009, at *1 (C.D. Cal. July 26, 2013) (quoting Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006)).

Elaborating on what the first prong of the two-part test means, the Supreme Court in Georgia v. Rachel stated the following:

> [T]hat the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, Defendant's

---

[1] 28 U.S.C. § 1443(1) provides that a state court action can be removed to federal district court if the action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1) (2012).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5462-SVW-JCGx | Date | October 8, 2013 |
|---|---|---|---|
| Title | E & S Ring Management Corporation v. Estela Pruce et al. | | |

## JS - 6

broad contentions under…the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of [that] clause[] are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands. Georgia v. Rachel, 384 U.S. at 792.

Here, Defendant argues that the unlawful detainer action is a "[d]enial of due process" because Defendant "is being dispossessed of her property, in noncompliance" with State rules of evidence and civil procedure. (Not. Removal, at 4). Defendant also contends that the State rules of evidence and civil procedure were applied "without equal protection." Id. Each of these claims are broad contentions arising under the Due Process Clause of the Fourteenth Amendment and are not phrased in the specific language of racial equality that § 1443 demands. Therefore, Defendant fails to satisfy the first prong for removal under § 1443.

The second prong of the two-part test requires that a litigant "assert that the state courts will not enforce [a specified federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Ward, 2013 WL 3934009, at *2 (citing Sandoval, 434 F.2d at 636).

Here, Defendant has not identified any specific state statute or constitutional provision that commands the state court to ignore Defendant's federal rights. See Ward, 2013 WL 3934009, at *2 (citing Wells Fargo Bank Nat. Ass'n v. Vann, No. 13-01148, 2013 WL 1856711 (N.D. Cal. May 2, 2013)); HSBC Bank USA v. Kubik, No. 13-1692, 2013 WL 1694670, at *3 (C.D. Cal. Apr. 16, 2013) ("Defendant Kubik does not, and cannot identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."). Consequently, Defendant fails to establish the second prong of the two-part test. Therefore, removal is not proper under § 1443.

### B. Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (internal citations and quotation marks omitted). However, a " case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5462-SVW-JCGx | Date | October 8, 2013 |
|---|---|---|---|
| Title | E & S Ring Management Corporation v. Estela Pruce et al. | | |

## JS - 6

plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (emphasis in original).

Here, Defendant has failed to establish federal question jurisdiction. Plaintiff's Complaint states a single claim for unlawful detainer, which "does not arise under federal law but is purely a creature of California law." Wells Fargo Bank v. Lapeen, No. 11–01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ; see also Wescom Credit Union v. Dudley, No. 10 CV-8203, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Based on the face of the complaint, it is clear that no basis for federal jurisdiction exists. Therefore, Defendant has not demonstrated federal question jurisdiction under 28 U.S.C. § 1331.

### C. Diversity Jurisdiction

Nor does the Court have diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ." 28 U.S.C. 1332(a).  A corporation's citizenship is defined by the state of incorporation and the state in which it has its principal place of business.  See Montrose Chem. Corp. California v. Am. Motorists Ins. Co., 117 F.3d 1128, 1134 (9th Cir. 1997). "The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount different than the amount pled in the complaint." Golden Union Properties, LLC v. Amesquita, No. CV 10-09607 MMM (VBKx), 2011 WL 321095, at *2 (C.D. Cal. Jan. 26, 2011) (citing Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 354 (1961)). Additionally, a party seeking removal under 28 U.S.C. §1332 has to "prove with 'legal certainty' that the amount in controversy was satisfied, notwithstanding the prayer for relief in the complaint." Lowdermilk v. United States Bank Nat'l Assoc., 479 F.3d 994, 999 (9th Cir. 2007)

Here, Plaintiff's Complaint states that this action was brought as a "limited civil case" and the "amount demanded does not exceed $10,000." (Compl., at 1). The Notice of Removal alleges that the "amount in controversy includes up to, but is not limited to, an actuary exceeding $75,000, if so determined by plaintiff." (Not. Removal, at 3). This language is conclusory and does not prove with "legal certainty" that the amount in controversy is satisfied. Therefore, the Court assumes that the amount in controversy requirement is not met. See Golden Union Properties, LLC, 2011 WL 321095, at *2 (holding that the Court assumes the amount in controversy requirement is not met for diversity

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5462-SVW-JCGx | Date | October 8, 2013 |
|---|---|---|---|
| Title | E & S Ring Management Corporation v. Estela Pruce et al. | | |

JS - 6

jurisdiction because "Plaintiff's complaint states that the '[a]mount demanded is not to exceed $10,000,' [and] the notice of removal does not allege an amount in controversy."). Further, the Complaint and Notice of Removal fails to provide sufficient facts to determine the citizenship of each party. Because defendant has failed to provide sufficient evidence to establish both requirements for diversity jurisdiction, this Court lacks authority to hear this matter. See id. (holding that the court lacked diversity jurisdiction to hear the matter because of insufficient evidence establishing diversity of citizenship between the parties).

**IV.     CONCLUSION**

Defendant has failed to carry the burden of establishing that removal is proper, as the Notice of Removal does not support removal under 28 U.S.C. § 1443, does not state a federal question raised by the Complaint, and does not meet diversity jurisdiction requirements. Therefore, this case is REMANDED to state court for further proceedings.

:

Initials of Preparer     PMC